UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
JUN 28 2005

```
******************************************************************
                                    *
CHARLES E. SISNEY,                  *     CIV 03-4260
                                    *
            Plaintiff,              *
                                    *
    vs.                             *
                                    *
TIM REISCH, Secretary of Corrections for  *
South Dakota; DOUGLAS L. WEBER,     *     MEMORANDUM OPINION
Chief Warden for the Department of  *     AND ORDER
Corrections of South Dakota; DENNIS *
BLOCK, Associate Warden for the South *
Dakota State Penitentiary; JENNIFER *
WAGNER a/k/a Jennifer Lane, Cultural *
Activities Coordinator for the South Dakota *
State Penitentiary; DOUG LOEN, Policy *
Analyst for the South Dakota State  *
Penitentiary; DARYL SLYKHUIS, Interim *
Warden of the South Dakota State    *
Penitentiary; JOHN/JANE DOE STAFF   *
MEMBERS, AGENTS, EMPLOYEES          *
AND/OR OFFICERS OF THE SOUTH        *
DAKOTA STATE PENITENTIARY           *
AND/OR SOUTH DAKOTA                 *
DEPARTMENT OF CORRECTIONS; all      *
Defendants sued in both their individual and *
official capacities,                *
                                    *
            Defendants.             *
                                    *
******************************************************************
```

The following motions are pending in this action: Motion for Discovery, Doc. 62; Motion to Amend, Doc. 63; Motion to Dismiss or Strike Plaintiff's Amended Complaint, Proposed Supplemental Amended Complaint and Supporting Declarations, Doc. 69; Motion for Protective Order and to Stay Discovery, Doc. 71; Motion for Joinder, Doc. 77; Application for Fair Play, Doc.

80; Motion to Strike Declaration, Doc. 87. Plaintiff also requested in Doc. 73 that the Court reconsider the denial of appointment of counsel in this case.

## BACKGROUND

Plaintiff is an inmate at the South Dakota State Penitentiary ("SDSP") in Sioux Falls, South Dakota. In his initial complaint in this action brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000ee, Plaintiff asserted violations of his First Amendment Religious Freedom rights, his Fourteenth Amendment Right to Equal Protection of the Law, and denial of access to the courts. Pursuant to the Court's obligation to screen this action under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(1), the Court determined that the following portions of his initial complaint were to be dismissed without prejudice: (1) Plaintiff's allegation that his application for a "Jewish Library" violated the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000ee, ("RLUIPA") and the Equal Protection Clause; (2) Plaintiff's claim that the prison book bindery should be required to repair Jewish prisoners' religious books; (3) Plaintiff's allegations under RLUIPA regarding the limitation on the number of books each inmate may have in his cell; (4) the portion of Count V that purported to state a cause of action for violation of the South Dakota Rules of Evidence; (6) Counts VI (paragraph 134) and VIII (paragraph 136) that purported to prosecute violations of South Dakota's criminal laws. (Order on Motions, Doc. 23, May 27, 2004.)

Following dismissal of the above claims, Plaintiff filed a motion to amend the complaint, Doc. 26, and a Motion to file Supplemental Complaint II, Doc. 53. On November 23, 2004, Magistrate Judge Simko granted the motion to amend, Doc. 26, which relates to two Counts this Court dismissed without prejudice in the May 27, 2004 Order. The restated claims are for retaliation by Defendant Wagner in preventing Plaintiff from practicing his religion in violation of the First and Fourteenth Amendments to the United States Constitution and for conspiracy by several Defendants to conceal unlawful discrimination towards Plaintiff in violation of the Fourteenth Amendment to the United States Constitution and SDCL § 20-13-26. Magistrate Judge Simko denied the Motion to file Supplemental Complaint II, Doc. 53, to the extent that Plaintiff was attempting to state additional facts in support of the claim in the original complaint for deliberate indifference to his

religious diet claim against Defendant Wagner. (Order on Motions to Amend, Doc. 57.) In the same Order, Magistrate Judge Simko informed Plaintiff: "To the extent plaintiff has learned new facts since the complaint was filed, those facts can be urged to support the already pled cause of action. It is not necessary to amend the complaint each time there are newly discovered facts." (*Id.*)

In a separate Report and Recommendation, Doc. 58, Magistrate Judge Simko recommended that the remainder of Plaintiff's Motion to file Supplemental Complaint, Doc. 53, be denied. Specifically, Magistrate Judge Simko recommended denial of Plaintiff's motion to add a breach of contract claim against four proposed new defendants, CBM Correctional Food Service, the food service company that prepares the food at the SDSP and three of its employees. It was further recommended that Plaintiff's Motion, Doc. 53, be denied as to a new claim against the four proposed new defendant for deliberate indifference toward Plaintiff's religious freedom in violation of the First and Fourteenth Amendments to the United States Constitution. The Court adopted the Report and Recommendation by Order dated February 22, 2005, Doc. 81. Thus, Plaintiff was not allowed to amend the complaint to add the food service company or its employees as defendants in this lawsuit, but was allowed to add a claim of retaliation against Defendant Wagner.

Plaintiff was ordered to file an Amended Complaint that excluded the claims dismissed by the Order filed May 27, 2004, Doc. 23; added the new paragraphs 134 and 136 as stated in Doc. 26; and added paragraphs 7 and 25 in Doc. 53 alleging retaliation against Defendant Wagner. (Order on Motions to Amend, Doc. 57, Nov. 23, 2004.)

On December 2, 2004, Plaintiff filed an Amended Complaint, Doc. 60. Paragraphs one through 109 are duplicates of the allegations in Plaintiff's original Complaint, Doc. 1, and Plaintiff appropriately deleted those portions of the original Complaint dealing with the claims dismissed by this Court by Order dated May 27, 2004, Doc. 23. From paragraph 110 to 121 of the Amended Complaint, Doc. 60, Plaintiff inserted the allegations in paragraphs 7 through 22 of Plaintiff's Motion to Allow Supplemental Complaint, Doc. 53. Paragraph 25 from Doc. 53, which Magistrate

Judge Simko allowed to be included in the Amended Complaint, is stated at paragraph 131 in the Amended Complaint. Magistrate Judge Simko, however, only allowed the amendment to add paragraphs 7 and 25, not paragraphs 7 *through* 25. Thus, the Court will strike paragraphs 111 through 121 of the Amended Complaint, which correspond to paragraphs 8 through 22 in Doc. 53.

Defendants moved to dismiss or strike Plaintiff's Amended Complaint, Doc. 60, because Plaintiff failed to comply with Judge Simko's Order by including paragraphs that Judge Simko did not allow. The Motion to Dismiss, Doc. 69, will be granted in part as to paragraphs 111 through 121 of the Amended Complaint, Doc. 60, and denied in all other respects.

**DISCUSSION**

I.   Motion to Amend Complaint, Doc. 63

On the same day he filed the Amended Complaint, Doc. 60, in attempted compliance with Magistrate Judge Simko's Order, Doc. 57, Plaintiff filed another Motion to Amend Complaint, Doc. 63. In the motion, Plaintiff states that the allegations in the proposed amendments are of the "same basic substance as the initial complaint" or relate to retaliation for prosecuting this action. (Doc. 63.) In addition, he again seeks to add as new defendants the CBM Correctional Food Service and employees of the food service, as well as Daryl Slykhuis, the Interim Warden of the SDSP. He filed a proposed "Amended Supplemental Complaint II" with the motion. The proposed amended complaint adds new allegations against new defendants but does not set forth in one document all of the allegations in this lawsuit, as required by Magistrate Judge Simko. The allegations against the food service and its employees were made in an earlier attempt to amend the complaint, which was recommended for denial by Magistrate Judge Simko and this Court accepted that recommendation. Plaintiff has provided no reason to alter the earlier decision and the portion of the motion to amend to add CBM Correctional Food Service and employees of CBM will be denied. Thus, the motion to amend as to paragraphs 4, 5 and 21 through 27 in the Amended Supplemental Complaint II, Doc. 63, will be denied.

4

Another person Plaintiff seeks to add as a defendant is Daryl Slykhuis, the Interim Warden at the SDSP. The majority of the allegations against Slykhuis relate to Plaintiff's claim of denial of access to the courts. It is alleged that Slykhuis refused to allow Plaintiff to have possession of a book entitled "A Jailhouse Lawyer's Handbook" that was mailed to Plaintiff at the SDSP and that such refusal violates his constitutional rights. In addition, Plaintiff seeks to add Slykhuis as a defendant to his causes of action for deliberate indifference and religious discrimination in violation of the First and Fourteenth Amendments to the United States Constitution and for retaliation. The Court will allow this amendment. Thus, paragraphs 6, 13 through 20, 54, 55 and 56, will be included in the claims in this action.

The balance of the factual allegations in the proposed amended complaint, Doc. 63, are allegations regarding Plaintiff's previously pled claim of deliberate indifference and religious discrimination. The allegations concern events that have occurred from the time of his previous motion to amend to the date of the pending motion to amend. Magistrate Judge Simko previously informed Plaintiff that he need not amend his complaint each time he discovers additional facts to support his claim and a motion to amend to add such additional allegations was denied by Magistrate Judge Simko. (Order on Motions to Amend, Doc. 57.) The Court will likewise deny the motion to add these facts to the complaint, but, as mentioned by Magistrate Judge Simko, Plaintiff may urge those facts to support the causes of action already alleged by the Plaintiff. Thus, the motion to amend will be denied as to paragraphs 8 through 12, 28 through 52, 57 and 58.

Over one and one-half years have elapsed since the filing of this lawsuit. There have been numerous motions to amend and supplement the complaint, but Plaintiff is again reminded he need not do so each time he discovers new facts in support of his already pled causes of action. To expedite this litigation, the Court will not require Plaintiff to file an additional amended complaint. Rather, Plaintiff's claims that will be disposed of in this litigation will consist of those set forth in the Amended Complaint, Doc. 60, with the exception of paragraphs 111-121, which have been

stricken; the Exhibits attached to the original complaint, Doc. 1; and, paragraphs 6, 13 through 20, 54, 55 and 56 of the Amended Supplemental Complaint II, Doc. 63.

II.   Defendants' Motions to Strike, Docs. 69 and 87

Defendants move to strike supporting declarations to Plaintiff's proposed Amended Supplemental Complaint (Doc. 63), which were filed as Docs. 66 and 67. They also move to strike declarations and attached exhibits filed by Plaintiff on April 11, 2005, Doc. 86. They contend that the declarations are not properly filed under the Federal Rules of Civil Procedure and that Plaintiff is attempting to amend his complaint despite the Court's earlier denials of his motions to amend the complaint to add new defendants and new claims.

The Court will deny the motions to strike the declarations. The declarations, however, will not be treated as motions to amend the complaint. Rather than striking the declarations filed by Plaintiff and then Plaintiff refiling such declarations for purposes of motions, the Court will permit Plaintiff to rely on those declarations in bringing or responding to any dispositive motions in this case to the extent that the declarations are relevant to the causes of actions and the named Defendants in this action.

III.   Discovery Motions

Plaintiff filed a Motion for Discovery, Doc. 62, requesting that Defendants be required to provide the following information: 1) the full names of the CBM kitchen supervisors preparing kosher trays at SDSP; 2) the name of the company from which CBM purchases the bread given to the kosher diets at SDSP; 3) a complete listing of all federal funds given to the South Dakota Department of Corrections ("SDDOC") and the SDSP and a breakdown of where these monies are allocated. In response, Defendants filed a Motion for Protective Order and to Stay Discovery, Doc. 71. Defendants contend that all discovery should be stayed until their immunity defenses are resolved by appropriate motion under Federal Rule of Civil Procedure 56.

In the Amended Complaint, Plaintiff seeks injunctive relief as well as monetary damages. Neither the state's Eleventh Amendment immunity nor the doctrine of qualified immunity would protect the Defendants from injunctive or other equitable relief. *See Treleven v. University of Minnesota*, 73 F.3d 816, 819 (8th Cir. 1996) (state's Eleventh Amendment immunity does not shield official from prospective injunctive relief); *Grantham v. Trickey*, 21 F.3d 289, 295 (8th Cir. 1994) (qualified immunity does not shield officials from equitable relief). The only claims for relief upon which Defendants can potentially be protected by the doctrine of qualified immunity are the individual capacity claims for monetary damages. Defendants are not entitled to a stay of discovery until their immunity defenses are resolved because Plaintiff seeks injunctive relief on many of the claims in this case to which the qualified immunity defense is immaterial. *See Hegarty v. Somerset County*, 25 F.3d 17, 18 n.2 (1st Cir. 1994) (noting that while a stay of discovery is appropriate in a case where the only claim for relief is money damages, it is not appropriate where Plaintiff also requests injunctive relief); *Lugo v. Alvarado*, 819 F.2d 5, 6 (1st Cir. 1987) (same). Thus, Defendants' motion for a stay of discovery will be denied.

The Court will grant a protective order as to the first and third requests for discovery by the Plaintiff in his Motion for Discovery and will deny it as to the second request. Plaintiff states that he desires to obtain the names of the kitchen supervisors to name the appropriate defendants. The names of the CBM kitchen supervisors is not relevant to Plaintiff's claims in this action and the discovery of these names is not reasonably calculated to lead to the discovery of admissible evidence because the Court has denied Plaintiff's motion to amend to include the kitchen supervisors as defendants in this action. In addition, the third request relating to the federal funds given to the SDDOC and the SDSP is not relevant to Plaintiff's claims in this action and the discovery of such information is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff contends he needs this information to allow him to provide the Court with specifics regarding federal funds received by the SDDOC and the SDSP because he believes he would be entitled to a preliminary injunction if he had this information. The provision of federal funds to the SDDOC and the SDSP, however, does not affect these state agencies' entitlement to Eleventh Amendment

immunity because they are arms of the state. *See Merrill Lynch, Pierce, Fenner and Smith, Inc. v. Nixon*, 210 F.3d 814, 819 (8th Cir. 2000) (recognizing that "[s]tate agencies acting as 'arms' of the state are treated as though they were the state itself, and receive the full immunity from suit described in the eleventh amendment."). Thus, whether the SDDOC and the SDSP receive federal funds is not relevant to their liability under § 1983.

## IV. Petition for Joinder, Doc. 77

Plaintiff filed a document entitled "Brief Claiming 'State-Action' and Petition for Joinder," Doc. 77, wherein he asserts that CBM is a state actor and that CBM and its employees should be joined as Defendants pursuant to Fed.R.Civ.P. 19. This brief or motion is another attempt to name as defendants in this action CBM Food Service and its employees. The Court, however, has denied Plaintiff's motion to amend the complaint to add CBM and its employees, and, therefore, the motion for joinder will be denied.

## V. Motion for Fair Play, Doc. 80

In a Motion for Fair Play, Doc. 80, Plaintiff moves the Court to require the Defendants to provide copies of all of the cases they cite in this litigation. The Court is unaware of any rule of civil procedure or local rule that would entitle Plaintiff to free copies of the cases cited by Defendants. Plaintiff does not cite any authority for his request. Moreover, Plaintiff has not alleged his right of access to the courts is violated by his inability to obtain free copies of cases cited by the Defendants. Accordingly, this motion will be denied.

## VI. Reconsider Appointment of Counsel

In addition to responding to the Defendants' motions, Plaintiff requested in Doc. 73 that the Court reconsider the appointment of counsel in this case. Having reconsidered the request for appointment of counsel in light of the relevant factors, the Court again concludes that appointment of counsel is not necessary in this action. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996). Accordingly,

8

IT IS ORDERED:

1. That Defendants' Motion to Dismiss or Strike Plaintiff's Amended Complaint, Doc. 69, is granted to the extent that paragraphs 111 through 121 in Plaintiff's Amended Complaint, Doc. 60, are stricken. The Motion to Dismiss is denied in all other respects. The Defendants, with the exception of Defendant Daryl Slykhuis, need not file an answer to the Amended Complaint.

2. That Defendants' Motion to Strike Supporting Declarations, Docs. 69 and 87, are denied.

3. That Plaintiff's Motion to Amend Complaint, Doc. 63, is granted as to paragraphs 6, 13 through 20, 54, 55 and 56 of the Amended Supplemental Complaint II, and is denied in all other respects. That the Defendants, with the exception of Defendant Daryl Slykhuis, need not file an answer to the amendments to the complaint.

4. That the United States Marshal shall serve a copy of the Amended Complaint, Doc. 69, the Amended Supplemental Complaint II, attached to Doc. 63, summons and this Memorandum Opinion and Order upon Defendant Daryl Slykhuis as directed by plaintiff. All costs of service shall be advanced by the United States.

5. That the caption shall be amended as set forth above to include Daryl Slykhuis as a Defendant in both his official and individual capacities.

6. That Defendants' Motion for Protective Order and to Stay Discovery, Doc. 71, is granted to the extent that the Defendants need not answer Plaintiff's first and third request for preliminary discovery, as stated in Doc. 62, and is denied in all other respects.

7. That Plaintiff's Motion for Preliminary Discovery, Doc. 62, is granted as to the second request for discovery and is denied as to the first and third requests for discovery.

8. That Plaintiff's Motion for Joinder, Doc. 77, is denied.

9. That Plaintiff's Motion for Fair Play, Doc. 80, is denied.

10. That a Scheduling Order will be entered in this action following the filing of an answer by Defendant Daryl Slykhuis.

Dated this 28th day of June, 2005.

BY THE COURT:

*[signature]*

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Shelly Margulies*
DEPUTY

10