UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**
**NOV 2 1 2005**
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CHARLES E. SISNEY, | CIV 03-4260 |
| Plaintiff, | |
| vs. | |
| TIM REISCH, Secretary of Corrections for South Dakota; DOUGLAS L. WEBER, Chief Warden for the Department of Corrections of South Dakota; DENNIS BLOCK, Associate Warden for the South Dakota State Penitentiary; JENNIFER WAGNER a/k/a Jennifer Lane, Cultural Activities Coordinator for the South Dakota State Penitentiary; DOUG LOEN, Policy Analyst for the South Dakota State Penitentiary; DARYL SLYKHUIS, Interim Warden of the South Dakota State Penitentiary; JOHN/JANE DOE STAFF MEMBERS, AGENTS, EMPLOYEES AND/OR OFFICERS OF THE SOUTH DAKOTA STATE PENITENTIARY AND/OR SOUTH DAKOTA DEPARTMENT OF CORRECTIONS; all Defendants sued in both their individual and official capacities, | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff filed a Motion to Compel, Doc. 98, and a letter dated October 4, 2005, which will be construed as a motion for service of subpoenas, Doc. 103. The motions have been briefed by the parties and will be decided based upon the written record.

The Court issued an opinion on June 28, 2005, Doc. 89, describing the claims made by Plaintiff in this action and the claims that survived screening under 28 U.S.C. § 1915(e)(2)(B)(ii). The Defendants' request for a stay of discovery was denied, but a protective order as to two specific discovery requests was granted. Defendants imply in their response to Plaintiff's motion to compel that Plaintiff is only entitled to the specific discovery on which the Court did not issue a protective order. This implication is incorrect, as Plaintiff does not need the Court's permission for every discovery request he makes in this action.

Plaintiff made a request for the following information:

1. The name, address and phone number of the company from which CBM Food Service purchased the marble-rye bread given to the kosher diets <u>before</u> 12-08-04. Please provide proof of purchase and the "Kosher Certification" which was stated to be "on-file" through the SDSP Administrative Remedy Process.

2. The name, address and phone number of the company from which CBM Food Service purchased the "Old Home Whole Grain Buttertop" bread given to the kosher diets from 12-08-04 through 12-14-04. Please provide proof of purchase and the kosher certification stated through the SDSP grievance procedures.

3. The name, address and phone number of the company from which CBM Food Service currently purchases the bread given to the kosher diets. Please provide proof of purchase and kosher certification.

Defense counsel submitted an Affidavit stating that the Defendants did not have the above information in their possession, but that they forwarded Plaintiff's discovery requests to CBM Food Service. CBM provided documentation regarding proof of purchase and kosher certification for the kosher bread in response to request number 3, but did not provide such information for the time periods in request numbers 1 and 2. Defense counsel forwarded this information to Plaintiff.

Before filing the present motion to compel, Plaintiff did not notify Defendants or their attorneys that he believed their discovery responses were incomplete or insufficient. Plaintiff is required by Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure to certify to the Court that he has "in good faith conferred or attempted to confer with the person or party failing to make the

2

discovery in an effort to secure the information or material without court action." Although the motion to compel could be denied without prejudice for failure to comply with this requirement, it is clear from defense counsel's affidavit that Defendants do not have possession of the documents Plaintiff seeks and, thus, the motion to compel will be denied on the merits. Plaintiff may pursue the alternative of having a subpoena served on CBM Food Service in an attempt to secure the information he is seeking. *See* Fed.R.Civ.P. 45.

In addition to seeking to compel production of documents, Plaintiff requests that Defendants be required to stipulate to modified discovery procedures. Although Federal Rule of Civil Procedure 29 authorizes parties to *voluntarily* stipulate to certain variances in discovery procedures, Rule 29 does not *require* a party to so stipulate and does not authorize the Court to impose such modified procedures. Thus, Plaintiff's request for modified discovery procedures will be denied.

Included in his motion to compel, Plaintiff asks for an injunction to require the Defendants to serve the kosher menu served by the United States Bureau of Prisons. Plaintiff previously requested, and the Court denied, such an injunction. (Order, Doc. 81, Feb. 22, 2005). Plaintiff has again failed to establish the required elements for an preliminary injunction under *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113, 114 (8th Cir. 1981) (en banc).

In a letter dated October 2, 2005, Plaintiff requests that the United States Marshal Service be directed to serve two subpoenas for requests for production of documents from non-party persons. (Doc. 103.) This request will be granted pursuant to 28 U.S.C. § 1915(d). He also requests information regarding service of subpoenas during trial and payment of witness fees. The Eighth Circuit has held that 28 U.S.C. § 1915 does not require the Marshal's Service to advance witness fees and expenses for a plaintiff proceeding *in forma pauperis*. *See United States Marshals Service v. Means*, 741 F.2d 1053, 1057 (8th Cir. 1984). Witness fees are provided in 28 U.S.C. § 1821, which states that, "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in

3

going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." A travel allowance equal to the mileage allowance for official travel of federal employees is provided to a witness who travels by privately owned vehicle. The current mileage allowance is 48.5 cents per mile. Accordingly,

IT IS ORDERED:

1. That Plaintiff's Motion to Compel and for written stipulations to discovery pursuant to Fed.R.Civ.P. 29, Doc. 98, is denied.

2. That Plaintiff's request for preliminary injunction contained in Doc. 98 is denied.

3. That Plaintiff's motion for subpoenas, Doc. 103, is granted to the extent that the United States Marshal Service shall serve Plaintiff's subpoenas for requests for production of documents from non-parties and is denied in all other respects.

Dated this 19th day of November, 2005.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Shelly Margulies
DEPUTY

4