UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**

FEB - 8 2006

*******************************************************************

| | | |
|---|---|---|
| CHARLES E. SISNEY, | * | CIV 03-4260 |
| Plaintiff, | * | |
| vs. | * | |
| TIM REISCH, Secretary of Corrections for South Dakota; DOUGLAS L. WEBER, Chief Warden for the Department of Corrections of South Dakota; DENNIS BLOCK, Associate Warden for the South Dakota State Penitentiary; JENNIFER WAGNER a/k/a Jennifer Lane, Cultural Activities Coordinator for the South Dakota State Penitentiary; DOUG LOEN, Policy Analyst for the South Dakota State Penitentiary; DARYL SLYKHUIS, Interim Warden of the South Dakota State Penitentiary; JOHN/JANE DOE STAFF MEMBERS, AGENTS, EMPLOYEES AND/OR OFFICERS OF THE SOUTH DAKOTA STATE PENITENTIARY AND/OR SOUTH DAKOTA DEPARTMENT OF CORRECTIONS; all Defendants sued in both their individual and official capacities, | * | MEMORANDUM OPINION AND ORDER |
| Defendants. | * | |

*******************************************************************

Plaintiff has written several letters to the Court regarding discovery disputes he is having with Defendants and difficulty in obtaining responses to subpoenas. (Docs. 112, 113, 114, 115, 116, 119 and 124.) Defendants filed a response to Plaintiff's letters of January 10, 2006 (Docs. 113, 115) and January 19, 2006 (Doc. 116.) They indicated they will also be filing a response to Plaintiff's letter,

Doc. 119, which has been docketed as several motions. This Order will address the issues raised in Docs. 112 through 116.

## 1. Letters regarding subpoenas

In two letters, Docs. 112 and 114, Plaintiff complains that he did not receive responses from CBM Foods on whom he had served a subpoena duces tecum. In a letter with attachments filed on January 25, 2006, Doc. 117, counsel for Catering By Marlin's Inc. ("CBM"), stated that they sent Plaintiff a second copy of the documents originally produced in response to the subpoena. CBM first sent the documents in response to the subpoena to the Warden for service on Plaintiff. The Warden turned those documents over to his attorney rather than giving them to Plaintiff, which resulted in a delay in Plaintiff receiving the documents and Plaintiff's suspicion that defense counsel removed some of the documents sent by CBM. CBM then sent directly to Plaintiff a second copy of the documents originally produced and served on the Warden. It appears from the record that all issues relating to CBM sending the documents to the Warden have been resolved and Plaintiff's requests in Docs. 112 and 114 will be denied as moot. The Court notes that on February 8, 2006, another letter from Plaintiff was filed, Doc. 124, indicating that he does not believe CBM has fully complied with his subpoena duces tecum. This letter raises different issues than Docs. 112 and 114, and will be resolved after CBM has had an opportunity to respond to the motion to hold it in contempt of court. Plaintiff did not indicate he served this letter on CBM. Thus, Plaintiff will be directed to serve the motion, Doc. 124, on CBM.

## 2. Letter dated January 10, 2006

In a letter dated January 10, 2006 and filed on January 12, 2006, Doc. 113, Plaintiff contends that he is not receiving the "full discovery asked for" from Defendants. He does not, however, set forth any specific discovery request that he believes Defendants have refused to comply with or for which they have not stated a valid objection for not complying with his discovery requests. In the absence of a request to compel Defendants to answer a specific discovery request, the Court is unable to grant Plaintiff any relief pursuant to Doc. 113. Plaintiff again asks this Court to appoint counsel

for him and to require Defendants' counsel to produce all of their legal materials. Both of these requests were denied by the Court on June 28, 2005, (Doc. 89), and the Plaintiff has not provided any additional factual basis or authority to alter the Court's previous rulings. Thus, Plaintiff's requests in Doc. 113 will be denied.

### 3. Letter dated January 19, 2006

In a letter to the Court dated January 19, 2006 and filed on January 23, 2006, Doc. 116, Plaintiff asserts that defense counsel failed to turn over all of the documents produced by CBM in response to Plaintiff's subpoena. This issue has been resolved, as set forth in the letter from CBM's counsel, Doc. 117, who provided Plaintiff another copy of the documents produced by CBM. Plaintiff further complains that Defendants noticed his deposition without obtaining leave of court, which is required by Federal Rule of Civil Procedure 30(a)(2). Plaintiff did not, however, request that the deposition notice be quashed, or that Defendants be prevented from taking his deposition. Moreover, Plaintiff has not shown any prejudice for Defendants' failure to request the Court's permission to take his deposition. He does not allege any grounds on which the Court may have denied a request to take his deposition. Thus, the Court will not strike Plaintiff's deposition taken on January 26, 2006. Before Defendants seek to resume Plaintiff's deposition, however, the Court directs Defendants to comply with Rule 30(a)(2) by filing a request to take his deposition.

In the future, if Plaintiff has discovery disputes, Plaintiff is directed to follow the Federal Rules of Civil Procedure and the Court's Local Rules for resolution of such disputes. Federal Rule of Civil Procedure 7 also directs that "[a]n application to the court for an order shall be by motion[.]" Fed.R.Civ.P. 7(b). In addition, the Local Rules require Plaintiff to file a supporting brief addressing any legal issues he raises in a motion. D.S.D. LR 7.2. Plaintiff has filed a motion in this action (Doc. 63) and a brief in support of the motion (Doc. 64), demonstrating that he is aware of the form in which a motion and brief should be filed. Accordingly,

IT IS ORDERED

1. That Plaintiff's requests in letters to the Court, Docs. 112, 113, 114, and 116, are denied.

2. That Plaintiff shall serve his letter dated February 5, 2006, and filed on February 8, 2006, Doc. 124, on Catering By Marlin's Inc.

Dated this 8th day of February, 2006.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Sharon Toure*
DEPUTY