

FILED
APR 20 2006

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| CHARLES E. SISNEY, | \* | CIV 03-4260 |
| Plaintiff, | \* | |
| vs. | \* | |
| TIM REISCH, Secretary of Corrections for South Dakota; DOUGLAS L. WEBER, Chief Warden for the Department of Corrections of South Dakota; DENNIS BLOCK, Associate Warden for the South Dakota State Penitentiary; JENNIFER WAGNER a/k/a Jennifer Lane, Cultural Activities Coordinator for the South Dakota State Penitentiary; DOUG LOEN, Policy Analyst for the South Dakota State Penitentiary; DARYL SLYKHUIS, Interim Warden of the South Dakota State Penitentiary; JOHN/JANE DOE STAFF MEMBERS, AGENTS, EMPLOYEES AND/OR OFFICERS OF THE SOUTH DAKOTA STATE PENITENTIARY AND/OR SOUTH DAKOTA DEPARTMENT OF CORRECTIONS; all Defendants sued in both their individual and official capacities, | \* | MEMORANDUM OPINION AND ORDER |
| Defendants. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff filed two letters, Docs. 119 and 124, addressing several different matters. Defendants filed a response to Doc. 119 and Plaintiff filed a reply. The second letter, Doc. 124, involves a discovery dispute concerning a non-party, Catering By Marlin's Inc. ("CBM"). CBM filed a response to Doc. 124 and Plaintiff filed a reply.

The first letter, Doc. 119, was filed as several separate motions. The first motion is for appointment of counsel, which will be denied again because the Plaintiff has shown no reason to alter the Court's previous denials of this motion.

The second motion is to destroy the partial deposition of Plaintiff taken by defense counsel on January 26, 2006, because it was improper and unlawful. In the Court's Order filed February 8, 2006, Doc. 125, the Court found that Plaintiff had not shown any prejudice for Defendants' failure to request the Court's permission to take Plaintiff's deposition, pursuant to Fed.R.Civ.P. 30(a)(2). The Court denied Plaintiff's request to strike the partial deposition. (Doc. 125.) Plaintiff is again requesting that the deposition be stricken, but he has shown no reason to alter the Court's previous ruling and the motion to destroy will be denied.

The third motion is to have books returned to the South Dakota State Penitentiary ("SDSP") that had been removed from the SDSP Jewish Group Property Lockerbox. In his reply to Defendants' Response, Doc. 137, Plaintiff admitted that the books had been returned to the SDSP. Thus, this motion will be denied as moot.

The fourth motion is to join defense counsel, Mr. Jeffrey Bratkiewicz, and his law firm, Woods, Fuller, Shultz & Smith, P.C., as defendants in this action pursuant to Fed.R.Civ.P. 19. The reason Plaintiff seeks to join defense counsel as a defendant relates to discovery disputes, which does not state a cause of action against defense counsel and does not make defense counsel a party that must be joined under Rule 19. The proper mechanism for resolving discovery disputes is provided in Fed.R.Civ.P. 37.

The fifth motion is to declare this action a class action pursuant to Fed.R.Civ.P. 23. In his letter, Doc. 119, Plaintiff does not address the requirements for class certification. In his reply, Doc. 137, he addresses the requirements in a conclusory fashion, but does not present sufficient

information to certify a class. Thus, the motion will be denied because Plaintiff has not satisfied the requirements to certify this action as a class action under Rule 23.

The sixth and final motion in Doc. 119 is to censor defense counsel for taking actions contrary to the established Federal Rules of Civil Procedure. Before Plaintiff's deposition was taken on January 26, 2006, Plaintiff did not move to quash the deposition notice or otherwise notify the Court of the failure to comply with Rule 30(a)(2). Even if Plaintiff had so notified the Court, there would have been no basis on which to deny Defendants' request to take Plaintiff's deposition. Thus, there would have been no basis to grant a protective order under Rule 26(c) and no basis for imposing sanctions under Rule 37. In response to Plaintiff's request to strike his deposition testimony, the Court directed defense counsel to request permission of the Court to continue taking Plaintiff's deposition, Doc. 125, and defense counsel complied with that direction. (Doc. 127.) The Court finds no basis on which to impose sanctions or to "censor" defense counsel for any failure to comply with the Federal Rules of Civil Procedure and the motion will be denied.

The second letter sent to the Court, Doc. 124, dated February 5, 2006, was filed on February 8, 2006. In this letter, Plaintiff moves for contempt of court against CBM, a non-party to this litigation, and again moves for appointment of counsel. The motion for appointment of counsel will be denied because the Court does not find any change in circumstances that would alter the Court's earlier denial of the motion for appointment of counsel. As to the contempt motion, CBM filed a response, Doc. 133, which addresses each of Plaintiff's complaints regarding CBM's response to Plaintiff's subpoena duces tecum. The first complaint by Plaintiff is that CBM has failed to produce documents stating the name, address and telephone number of the companies that supply the kosher hot trays at the SDSP. In its response, CBM supplies the names, addresses and telephone numbers of the two companies from which it purchases pre-packaged kosher meals. Plaintiff admits in his reply, Doc. 136, that this request is now moot.

3

The second complaint by Plaintiff is that CBM failed to produce menus of food served to inmates eating kosher diets during Passover for the years 2002 to 2005. CBM responds that it has conducted a diligent review of the records maintained by CBM and has not found any menus for Passover meals. CBM, however, provided the name, address and telephone number for the company from which CBM purchased Passover meals for 2005 and it also believes the Passover meals for 2002 to 2004 were purchased from the same company. (Doc. 133.) The Court finds CBM has diligently searched its records for Passover menus and finds no basis for imposing sanctions for failure to produce the menus requested by Plaintiff. Plaintiff can attempt to obtain the requested documents from Ma'adan Kosher Foods, Inc..

The third basis for Plaintiff's contempt motion is that CBM failed to produce all documentation relating to the nutritional analysis of kosher diets served at SDSP since January 2005. CBM's response is that a certified registered dietitian uses a computer program to conduct the nutritional analysis for inmate meals and that there are no documents relating to the nutritional analysis other than what has already been produced to Plaintiff. One of the documents produced by CBM provides the nutritional analysis for a kosher menu for two weeks and it is dated December 6, 2005. (Doc. 136, attachment). The Court finds that CBM has produced all documents in its possession that are relevant to Plaintiff's request and the contempt motion will be denied. Accordingly,

IT IS ORDERED:

1. That Plaintiff's motions contained in his letter dated January 28, 2006 and filed January 31, 2006, Doc. 119, are denied.

2. That Plaintiff's motions contained in his letter dated February 5, 2006 and filed February 8, 2006, Doc 124, are denied.

Dated this 20th day of April, 2006.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY:_____
           DEPUTY

5