UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
OCT 17 2006
[signature] CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CHARLES E. SISNEY, | CIV 03-4260 |
| Plaintiff, | |
| vs. | |
| TIM REISCH, Secretary of Corrections for South Dakota; DOUGLAS L. WEBER, Chief Warden for the Department of Corrections of South Dakota; DENNIS BLOCK, Associate Warden for the South Dakota State Penitentiary; JENNIFER WAGNER a/k/a Jennifer Lane, Cultural Activities Coordinator for the South Dakota State Penitentiary; DOUG LOEN, Policy Analyst for the South Dakota State Penitentiary; DARYL SLYKHUIS, Interim Warden of the South Dakota State Penitentiary; JOHN/JANE DOE STAFF MEMBERS, AGENTS, EMPLOYEES AND/OR OFFICERS OF THE SOUTH DAKOTA STATE PENITENTIARY AND/OR SOUTH DAKOTA DEPARTMENT OF CORRECTIONS; all Defendants sued in both their individual and official capacities, | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff's counsel filed a Motion to Clarify Scope of Representation, Doc. 165. Defense counsel orally notified Court staff that the Defendants would not be filing a response to the motion. Plaintiff then filed a Motion for Protection Order and Expedited Ruling, Doc. 169. On October 13, 2006, the Court entered a Temporary Restraining Order, Doc. 173, enjoining the Defendants from refusing to provide Plaintiff a kosher diet in compliance with his religious beliefs for a period of 10

days from the date of the Order. For the reasons set forth below, Plaintiff's counsel's motion will be granted and the Temporary Restraining Order will be vacated.

The claims in this action involve Plaintiff's desire to eat a kosher diet in compliance with his religion while incarcerated in the South Dakota State Penitentiary. Plaintiff asked his counsel to assist him with a new claim against the Defendants regarding a new policy adopted by the South Dakota State Penitentiary that relates to inmates desiring to eat a religious diet. Defendants have filed a Motion for Summary Judgment in this action, seeking to have this action dismissed for failure to exhaust administrative remedies. Defendants indicated that if the action is not dismissed on exhaustion grounds, they will file subsequent summary judgment motions on the merits and on the basis of qualified immunity and also challenging the constitutionality of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The Court appointed counsel for Plaintiff in light of the complex nature of a constitutional challenge to RLUIPA.

The new claim asserted by Plaintiff in his Motion for Protection Order and Expedited Ruling is related to the claims in the present action, but the Court finds it is a separate claim relating to a policy that was not in effect at the time this action was initiated and Plaintiff will need to properly exhaust his administrative remedies before pursuing that claim. Plaintiff has started the administrative remedy process regarding this new claim, but the Court has no information as to whether or not it is exhausted at this time. If Plaintiff desires to pursue this claim after he has properly exhausted his administrative remedies, the Court will then appoint Mr. Johnson to assist Plaintiff in challenging the policy adopted by the South Dakota Department of Corrections on August 16, 2006, if the constitutionality of RULIPA is an issue in that action. In any such new action, the Court will allow Plaintiff to proceed in forma pauperis and if Mr. Johnson is appointed as counsel, his appointment would be subject only to his being entitled to fees under the Equal Access to Justice Act, 42 U.S.C. § 2412, in the event the Plaintiff is the prevailing party in any such action, or under the Fourth Amended Plan for the Administration of the District Court Attorney Admission and Pro Bono Fund, § J.

The Court entered a Temporary Restraining Order based upon Plaintiff's Declaration dated October 8, 2006 and filed October 12, 2006. Plaintiff indicated he had not been allowed a kosher diet since October 3, 2006, and that he had not eaten since the supper meal on October 3, because he refused to sign an unaltered form regarding the new policy. On October 12, 2006, Plaintiff wrote a second Declaration indicating that he was permitted to submit an altered form regarding the new policy and that he was allowed to eat a kosher diet beginning on October 11, 2006, after he signed the altered form. The Court did not receive the second declaration until October 16, 2006. Thus, Plaintiff is no longer facing immediate and irreparable injury, eliminating the need for a restraining order and the Court will vacate the Temporary Restraining Order entered on October 13, 2006. Accordingly,

IT IS ORDERED:

1. That the Motion to Clarify Scope of Representation, Doc. 165, is granted and the Court clarifies that Plaintiff's new claim regarding the August 16, 2006 policy adopted by the South Dakota State Penitentiary regarding religious diets is not included in the scope of representation for which Mr. Johnson was appointed to represent Plaintiff in this action. When Plaintiff's new claim is properly exhausted, however, and if a new action is filed in which the constitutionality of RULIPA is an issue, the Court will appoint Mr. Johnson to represent Plaintiff in that action.

2. That the Temporary Restraining Order, Doc. 173, entered on October 13, 2006, is vacated.

Dated this 17th day of October, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

By: Shelly Margulies, Deputy
(SEAL)

3