UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**FILED**
MAR 26 2007

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| CHARLES E. SISNEY, | * | CIV 03-4260 |
| Plaintiff, | * | |
| vs. | * | |
| TIM REISCH, Secretary of Corrections for South Dakota; DOUGLAS L. WEBER, Chief Warden for the Department of Corrections of South Dakota; DENNIS BLOCK, Associate Warden for the South Dakota State Penitentiary; JENNIFER WAGNER a/k/a Jennifer Lane, Cultural Activities Coordinator for the South Dakota State Penitentiary; DOUG LOEN, Policy Analyst for the South Dakota State Penitentiary; DARYL SLYKHUIS, Interim Warden of the South Dakota State Penitentiary; JOHN/JANE DOE STAFF MEMBERS, AGENTS, EMPLOYEES AND/OR OFFICERS OF THE SOUTH DAKOTA STATE PENITENTIARY AND/OR SOUTH DAKOTA DEPARTMENT OF CORRECTIONS; all Defendants sued in both their individual and official capacities, | * | MEMORANDUM OPINION AND ORDER |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Defendants' Motion for Summary Judgment, Doc. 153, seeking dismissal of Plaintiff's claims for failure to exhaust administrative remedies. This motion was filed before the Supreme Court's decision in *Jones v. Bock*, ___ U.S. ___, 127 S.Ct. 910 (2007) was issued, which significantly impacts Defendants' arguments in this action. Thus, the Court directed Defendants to address the impact of this decision in their reply brief due February 28, 2007, and allowed Plaintiff an opportunity to respond to Defendants' brief about how *Jones v. Bock,* affects the exhaustion issue before the Court. Defendants were also allowed to file a brief in response to Plaintiff's arguments regarding the impact of *Jones v. Bock.* For the reasons set forth below,

Defendants' motion will be granted on the claims on which Plaintiff has not properly exhausted his administrative remedies and will be denied in all other respects.

## BACKGROUND

Plaintiff is an inmate at the South Dakota State Penitentiary ("SDSP"), who practices the Jewish faith, and he brought this action pursuant to 42 U.S.C. §§ 1983 and 2000ee, alleging various violations of his religious freedom rights, right to equal protection of the laws, retaliation and denial of access to the courts. The current claims before the Court are set forth in Plaintiff's Amended Complaint, Doc. 60, excluding paragraphs 111 through 121, and paragraphs 6, 13 through 20, 54, 55 and 56 of the Amended Supplemental Complaint II, Doc. 63.

Before the Supreme Court's decision in *Jones v. Bock,* the law in the Eighth Circuit regarding prison-condition claims, was that "[i]f all available administrative remedies have not been exhausted as to all claims before the suit is filed, dismissal of the complaint is mandatory." *Abdul-Muhammad v. Kempker*, 450 F.3d 350 (8th Cir. 2006). In light of the *Jones v. Bock* decision, the Defendants agree that dismissal is not required for prisoner complaints containing both exhausted and unexhausted claims, and they have withdrawn their argument that Plaintiff's entire complaint should be dismissed. Rather, they now contend the following claims should be dismissed because all administrative remedies were not timely exhausted: Plaintiff's claims against Secretary Reisch; his claims against Defendants Weber, Block, Wagner, Loen and Slykuis for allegedly lying during an internal State investigation; his claims against Slykuis alleging retaliation and denial of access to the courts; and his conspiracy claims. Defendants state Plaintiff attempted to exhaust his administrative remedies as to these four claims shortly after this lawsuit was filed, but the alleged conduct occurred months and in some cases years before he sought any administrative remedies regarding these claims, making his attempted exhaustion untimely.

The prison's grievance system requires that an inmate submit a grievance within 30 days of the incident or conduct complained of:

**Issues That Can Be Addressed Through Administrative Remedy:**
....

2

> E. Complaints on the following (an inmate has thirty (30) days to initiate the administrative remedy procedure from the date of the incident or problem-giving rise to the complaint):
> 1. The application of any administrative directive, policy, or unit rule or procedure.
> 2. The lack of an administrative directive, policy, unit rule or procedure.
> 3. Any unprofessional behavior or action directed toward an inmate by personnel of the Department of Corrections, other State agency personal [sic] or contract employees who regularly work out of a DOC facility.
> 4. Any oversight or error affecting an inmate.

*See* Affidavit of Robyn Meinerts, Doc. 155, Ex. A (South Dakota Department of Corrections Policy 1.3.E.2, Aug. 2, 2005). There is a two-step process for exhausting administrative remedies under the DOC's Policy 1.3.E.2. First, an inmate must attempt to informally resolve his complaint. If the inmate is unable to resolve the complaint verbally, he is to submit an Informal Resolution Request form to "the Unit Staff member who can most adequately respond, normally the Unit Coordinator." (Policy 1.3.E.2 at p. 3.) The Informal Resolution Request form attached to the policy informs the inmate to "[s]tate your problem/complaint. Be specific, giving dates, times and basics." (*Id.* at p. 8). The form further asks the inmate "[w]hat action are you requesting?" (*Id.*)

If the inmate is not satisfied with the response to the Informal Resolution Request, within five working days of receiving that response, he is required to complete and turn in a Request for Administrative Remedy form to Unit Staff, which is described as the "Formal Resolution" step in the grievance policy. (Policy 1.3.E.2 at pp. 3-4.) A Request for Administrative Remedy must contain only one issue and an inmate is limited to filing one such request per issue. (Policy 1.3.E.2 at p.2.) Pursuant to the policy, "[i]f an inmate submits multiple forms referencing a particular issue and that issue has been previously addressed, those forms will be rejected and returned to the inmate unanswered." (Policy 1.3.E.2 at p. 5.) The Request for Administrative Remedy form instructs the inmate to "[s]tate your problem/complaint and the action you request." (Policy 1.3.E.2 at p. 9.) The warden of the facility in which the inmate is confined will respond in writing to the Request for Administrative Remedy within ten working days of the receipt of such request. (Policy 1.3.E.2 at pp. 1 and 3-4.)

3

Inmates may appeal a warden's response to a Request for Administrative Remedy only if the complaint concerns a major disciplinary action, a classification action or a decision regarding the restoration of good conduct time. (*Id.* at 4.) An inmate must appeal to the Secretary within ten days of receiving the Warden's response. (*Id.* at 4.) The Secretary has thirty days to consider such appeals and provide a written response to the inmate. (*Id.* at 4.)

## DISCUSSION

In considering a motion for summary judgment, the Court asks the question whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Once the motion for summary judgment is made and supported, it places an affirmative burden on the non-moving party to go beyond the pleadings and 'by affidavit or otherwise' designate 'specific facts showing that there is a genuine issue for trial.'" *Commercial Union Ins. Co. v. Schmidt*, 967 F.2d 270, 271 (8th Cir. 1992) (quoting Fed.R.Civ.P. 56(e)). Simply creating a factual dispute cannot defeat a motion for summary judgment; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit. *See, e.g., Ghane v. West*, 148 F.3d 979, 981 (8th Cir. 1998). "A plaintiff's verified ... Complaint is the equivalent of an affidavit for purposes of summary judgment, and a complaint signed and dated as true under penalty of perjury satisfies the requirements of a verified complaint." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 994-95 (8th Cir. 2001) (citations omitted). If the allegations in the verified complaint consist of nothing more than conclusory allegations, however, they are insufficient to overcome a summary judgment motion. *See Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999).

Exhaustion of administrative remedies by prisoners is required by the Prison Litigation Reform Act ("PLRA") at 42 U.S.C. § 1997e(a):

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

4

In *Jones v. Bock*, the Supreme Court made clear that inclusion of unexhausted claims in a prisoner's complaint does not require dismissal of the entire action, which is contrary to the rule in the Eighth Circuit at the time this lawsuit was commenced. 127 S.Ct. at

In addition, the Eighth Circuit held in *Abdul-Muhammad*, 450 F.3d 352, that, "a prisoner who files a complaint in federal court asserting multiple claims against multiple prison officials based on multiple prison grievances must have exhausted each claim against each defendant in at least one of the grievances." The Sixth Circuit had a similar rule. *See Jones v. Bock*, 127 S.Ct. at 922. In *Jones v. Bock*, however, the Supreme Court held that "nothing in [42 U.S.C. § 1997e(a)] imposes a 'name all defendants' requirement along the lines of the Sixth Circuit's judicially created rule." The grievance policy at issue in *Jones v. Bock*, "required only that prisoners 'be as specific as possible' in their grievances," and further "advised them to 'be brief and concise.'" 127 S.Ct. at 922.

The parties agree the Court should follow the Fifth Circuit's decision in *Johnson v. Johnson*, 385 F.3d 503 (5th Cir. 2004), in ruling on the exhaustion issues in this case. In *Johnson*, the prison defendants did not argue the prisoner's complaint should be dismissed in its entirety because it contained both exhausted and unexhausted claims. *See id.* at 523 n.15. Thus, although *Johnson* predates the *Jones v. Bock*, decision, it is in accord with the Supreme Court's decision. In the absence of an Eighth Circuit decision following *Jones v. Bock*, the Court finds the *Johnson* decision provides reasonable guidance in determining whether Plaintiff's claims are exhausted in this action.

Addressing the defendants' argument in *Johnson*, that the plaintiff inmate did not provide enough detailed information in his grievances to properly exhaust his administrative remedies, the Fifth Circuit held that, "[i]n deciding how much detail is required in a given case, we believe that a court must interpret the exhaustion requirement in light of its purposes, which include the goal of giving officials 'time and opportunity to address complaints internally.'" *Johnson*, 385 F.3d at 516 (quoting *Porter v. Nussle*, 534 U.S. 516, 525 (2002)). "Thus, a grievance should be considered sufficient to the extent that the grievance gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit." *Id.* at 517. The *Johnson* court recognized that the amount of information necessary to provide officials such an opportunity will vary depending upon the type

5

of complaint the inmate has. *See id.* For example, if the inmate is complaining a particular prison official harmed him or failed to protect him, it would be necessary for administrators in responding to such grievances be given enough information to identify the official "or at least other available information about the incident that would permit an investigation of the matter." *Id.* "In contrast, a grievance in which an inmate says that his cell is habitually infested with vermin, or that the prices in the commissary are too high, could adequately alert administrators to the problem whether or not the grievance names anyone." *Id.*

More specific guidance regarding proper exhaustion in a particular case will be provided by the prison's grievance policy. The Supreme Court recognized, "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 127 S.Ct. at 923.

### A. Secretary Reisch

Plaintiff argues there was no administrative remedy available to file a grievance against Secretary Reisch and none of the issues in this case fall in the category of grievances that could have been appealed to Secretary Reisch. Plaintiff did not file an Informal Resolution Request or an Administrative Remedy Request pursuant to Policy 1.3.E.2 specifically complaining about Secretary Reisch's failure to correct the alleged wrongs regarding Plaintiff's attempts to practice his Jewish faith at the SDSP. He did, however, write two letters to Secretary Reisch, and sent copies to Governor Rounds, complaining about the problems he was having in attempting to practice his Jewish faith. (Doc. 1, Exs. 30 and 76A.) The first letter was never responded to by Secretary Reisch. In the second letter Plaintiff complains that Secretary Reisch did not respond to the first letter and nothing had been changed regarding his complaints.

The Court finds it is not clear whether Plaintiff was required by Policy 1.3.E.2 to follow the two-step grievance procedure to properly exhaust his administrative remedies on his claims against the Secretary of the Department of Corrections. The type of problem Plaintiff complains of is not one that would be allowed to be appealed to the Secretary of Corrections pursuant to Policy 1.3.E.2.

6

Moreover, the policy is not clear that Plaintiff is required to follow the two-step grievance procedure to properly exhaust his administrative remedies against Secretary Reisch. Secretary Reisch bears the burden of proof on the affirmative defense of failure to exhaust administrative remedies. Based upon the ambiguous grievance policy regarding claims against the Secretary of the Department of Corrections and Plaintiff's letters to Secretary Reisch, which the Court finds provided sufficient information for Secretary Reisch to have a fair opportunity to address Plaintiff's problems, the Court does not find Plaintiff failed to exhaust his administrative remedies against Secretary Reisch and the claims against him will not be dismissed for failure to exhaust.

### B.  Lying during internal investigation

Defendants assert Plaintiff's claims against Defendants Weber, Wagner, Loen and Slykhuis for allegedly lying during an internal State investigation should be dismissed because Plaintiff did not properly exhaust his administrative remedies on these claims. Plaintiff claims these Defendants lied when they falsely responded to various grievances. He did not point to any grievances filed within the time period provided in Policy 1.3.E.2, in which he alleged facts regarding Defendants lying in responding to his grievances and the Court finds Defendants carried their burden of proving he failed to exhaust his administrative remedies on these claims.

### C.  Defendant Slykhuis retaliating and denying access to the courts

The Court finds Plaintiff did exhaust his administrative remedies as to his claims against Defendant Slykhuis as set forth in the Amended Supplemental Complaint II, Doc. 63, paragraphs 6, 13-20 and 54-56. These claims involve denial of a jailhouse lawyer publication. In 2004, Slykhuis was the Interim Warden for the SDSP. Plaintiff produced copies of a Request for Administrative Remedy specifically complaining about the denial of a booklet called the "jailhouse lawyers handbook" and that it was not given to him in retaliation for filing a civil suit against persons in the SDSP administration. (Doc. 195, Ex. D.) Although he did not name Slykhuis as the person that denied this publication to him or retaliated against him, Slykhuis admitted in his Administrative Remedy Response that, "[t]he mail item was rejected at my direction." (Doc. 195, Ex. E.) The information supplied by Plaintiff was sufficient to give the prison officials a fair opportunity to

address the problem regarding denial of this publication and Defendants' motion will be denied on these claims against Defendant Slykhuis.

### D. Conspiracy claims

Some of the allegations against Defendants Weber, Block and Wagner are that they conspired to conceal alleged unlawful discrimination against Plaintiff. Plaintiff did not point to any grievances filed within the time period provided by Policy 1.3.E.2 alleging that the Defendants worked together or had an agreement to cover up any unlawful discrimination against Plaintiff.

The Court agrees with Plaintiff that he was not required to state the word "conspiracy" or "conspired" to properly exhaust this claim. Conspiracy is a legal theory. The Fifth Circuit noted that, "[a]s a general matter, there is authority from several courts to the effect that a prisoner, who is of course typically uncounselled, need not present legal theories in his grievances." *Johnson*, 385 F.3d at 517. Agreeing with this general authority, the Fifth Circuit observed, "the purpose of the exhaustion requirement is to give prison administrators an opportunity to address a problem, and they can do this whether or not the prisoner tells them the constitutional provisions that the problem implicates." *Id.* at 518.

Plaintiff was not required to state his legal theory of "conspiracy" in the grievances, but to give the administrators a fair opportunity to address these claims he needed to at least notify the administrators he believed there was an agreement to work together to cover up the alleged discrimination. The Court finds Plaintiff has not properly exhausted his administrative remedies on his claims that Defendants Weber, Block and Wagner conspired to conceal unlawful discrimination against him and summary judgment will be entered on those claims.

### CONCLUSION

The Court will grant Defendants' summary judgment motion as to Plaintiff's claims of lying in internal state investigations and conspiracy. These claims will be dismissed without prejudice for failure to exhaust administrative remedies. The motion will be denied in all other respects.

At the time the Court entered the scheduling order granting Defendants' request to file a summary judgment motion solely based upon failure to exhaust administrative remedies, the law in the Eighth Circuit required that the entire complaint be dismissed if it contained both exhausted and unexhausted claims. In light of the *Jones v. Bock* decision, however, Plaintiff's action may continue despite the inclusion of the two claims the Court found to be unexhausted. Defendants previously informed the Court they intend to file additional summary judgment motions addressing the issues of qualified immunity, the merits and the constitutionality of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Pursuant to the Court's Ninth Amended Scheduling Order, Doc. 202, such motions will be due 30 days from the date of this Order. Accordingly,

IT IS ORDERED:

1. That Defendants' Motion for Summary Judgment, Doc. 153, is granted, without prejudice, as to Plaintiff's claims of lying in internal state investigations and conspiracy and is denied in all other respects.

2. That, on or before April 27, 2007, Defendants shall file and serve their summary judgment motions, together with supporting briefs, addressing the issues of qualified immunity, the merits and the constitutionality of RLUIPA. Plaintiff shall file and serve answering materials and briefs twenty (20) days after receipt of Defendants' Motions and Defendants shall file and serve reply briefs ten (10) days after receipt of Plaintiff's response.

Dated this 26th day of March, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
By: *Sharon Buer*
Deputy